TEITELBAUM v. SOMERLING et al.

(Supreme Court, Appellate Term. December 16, 1908.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—QUESTIONS OF FACT.
A verdict on conflicting testimony will not be disturbed on appeal.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. APPEAL AND ERROR (§ 173*)—RESERVATION IN LOWER COURT OF GROUNDS OF RELIEF—ISSUES IN LOWER COURT—GROUNDS OF DEFENSE.
In a suit against indorsers the defense of want of presentation and notice of nonpayment not having been raised at the trial cannot be considered on appeal.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079, 1113; Dec. Dig. § 173.*]

Appeal from City Court of New York, Trial Term.

Action by Philip Teitelbaum against Morris Somerling and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Joel Krone, for appellants.
Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for respondent.

GIEGERICH, J. The action is to recover the sum of $599.78 claimed to have been paid by the plaintiff to the defendants upon cashing a check of the firm of Wilmerding, Morris & Mitchell drawn to the order of L. Adelson, and purporting to have been indorsed by the latter and by the defendants as second indorsers. The indorsement of Adelson was admittedly a forgery, and the defendants denied that

they had made or authorized the indorsement of their names. The testimony on that point was conflicting. The case was left to the jury, who found for the plaintiff, and in this the verdict is amply sustained by the evidence.

If the point had been in any way raised at the trial that neither due presentation nor due notice to the defendants of nonpayment had been pleaded or proved, I do not see how the judgment could have been sustained. But the point was not raised, and we cannot consider it. Bevins & Rogers Appellate Court Practice, pp. 74, 80, and cases there cited. We have examined all the exceptions in the record to which our attention has been directed, but do not find any that justifies a reversal.

The judgment and order must therefore be affirmed, with costs. All concur.